## SWIFT *v.* JENKS and others.

*(Circuit Court, N. D. New York. March 3, 1884.)*

1. PATENTS—NON-CLAIM OF APPARENT DEVICE—ABANDONMENT.

   The omission by an inventor to claim a combination or device apparent upon the face of his patent amounts to a dedication of the neglected contrivance to the uses of the public.

2. INJUNCTION—NOT TO ISSUE WHEN IT WOULD WORK INJUSTICE.

   An injunction should not issue when it would work great harm to one party without corresponding benefit to the other, at least where adequate protection can be afforded by other means.

Motion for Preliminary Injunction.

*Duell & Hey,* for complainant.

*Neri Pine,* for defendants.

COXE, J. This is a motion for a preliminary injunction. The complainant is the inventor of an alleged improvement in lubricators for which letters patent were issued August 28, 1883. The claims in controversy are as follows:

"(5) In combination with the steam-condensing duct and its horizontal extension, *c*, the lubricant-cup composed of metal and provided in front of the duct-extension, *c*, with an observation-port, *r*, covered with a transparent plate, substantially as and for the purposes set forth.

"(6) In combination with the oil-cup of a lubricator, the port, *r*, covered by a glass plate, and the pipe or tube, *c*, having an inclined end or face, substantially as set forth."

Prior to this time, and on the second day of May, 1882, letters patent for a similar invention were issued to the defendants. An interference was declared, and, after a thorough investigation, the examiners and commissioner concurred in deciding that the complainant was the prior inventor. But the proceedings in the patent office determined more. Upon defendants' motion to dissolve the interference the commissioner was required to pass upon the question whether or not the subject-matter claimed was patentable. Various references, which, as was urged by the defendants, anticipated the complainant's invention, were presented, and although the examiners in chief and the commissioner were not in accord upon this question it cannot be denied that the issuing of the patent was, to the extent that the question was there investigated, a decision in favor of the complainant. The proceedings in the patent office having, as between these parties, determined,—*First*, that the complainant was the prior inventor, and, *second*, that the subject-matter of the patent was not void for want of novelty, the complainant would be entitled, if there were no other considerations, to the injunction prayed for, there being no dispute as to the infringement. *Smith* v. *Halkyard*, 16 FED. REP. 414; *Shuter* v. *Davis*, Id. 564.

But the defendants again insist that the patent is void for want of patentable novelty, and in support of this defense they produce various references not presented to the examiners. They also produce affidavits tending to show that one Giles was the original inventor of the patented device or combination. But the argument having the most weight with the court is the one based upon the complainant's prior patent of March 21, 1882. It is urged that he there fully discloses the subject matter of claim 5, *supra*. The language of the specification is as follows:

"It is not essential that the cylinder should be wholly of glass, so long as that portion directly opposite the end of the tube or pipe, E, is transparent, to expose to view the end thereof * * * the cylinder may be constructed of metal, with a window or 'sight' on a line opposite the tube or pipe."

The metal cylinder with the glass observation port opposite the end of the tube was not claimed in the March patent, and the language of Mr. Justice BRADLEY in *Miller* v. *Brass Co.* 104 U. S. 352, is therefore applicable:

"But it must be remembered that the claim of a specific device or combination, and an omission to claim other devices or combinations apparent on the face of the patent, are, in law, a dedication to the public of that which is

not claimed. It is a declaration that that which is not claimed is either not the patentee's invention or, if his, he dedicates it to the public."

It is argued for the complainant that the patent in suit is not for a particular device but for a combination, and that, construed most favorably for the defendants, the March patent discloses but one element of that combination. This contention presents for consideration a number of questions not argued upon the motion, but which may perhaps be sufficiently suggested by an examination of *Slawson* v. *Grand St. R. R.* 107 U. S. 649; S. C. 2 Sup. Ct. Rep. 663, and other like authorities.

Although the papers presented on this motion have been carefully examined it is not the purpose of the court to discuss the defenses referred to at this time or express an opinion regarding them; they should be disposed of only after careful consideration on final hearing. They are mentioned here simply to show that the defendants have succeeded in raising a sufficient doubt as to the validity of the complainant's patent to induce the court to withhold the writ asked for provided the complainant's right can be fully protected without resort to so positive a remedy. Where an injunction will work great injury to one party without corresponding benefit to the other it should not ordinarily issue, especially where adequate protection can be had without it.

An injunction should issue unless the defendants within 15 days after service of a certified copy of the order entered upon this decision shall give a bond with two or more sureties to be approved by a commissioner of this court, conditioned to keep an account of all the lubricators manufactured and sold by them and to file such account duly verified once a month in the office of the clerk of this court, and to pay the amount of any final decree which may be awarded against them; the penalty of the bond to be in such sum as may be agreed on by the parties, or if they are unable to agree, as may be fixed by the court upon proof by affidavit or otherwise of the extent of the defendants' business.